UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RICHARD COURVILLE** | : | **DOCKET NO. 2:22-cv-06214**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **UNKNOWN OFFICERS, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the Court is a civil rights complaint [doc. 4], filed pursuant to 42 U.S.C. § 1983, by plaintiff Richard Courville, who is proceeding pro se and *in forma pauperis* in this matter. Plaintiff's complaint alleges a claim of excessive force by an unknown Iowa police officer. Doc. 4. The plaintiff amended his suit to name Officer Racaa as the officer who used the alleged excessive force. Doc. 7. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

**I.**
**BACKGROUND**

Plaintiff alleges that in October 2022, during a search procedure, Officer Racca, of the Iowa Police Department, "trip whip slammed" him to the ground because he "moved funny while complying with verbal order to retrieve proper from [his] back pocket." Doc. 4, p. 3. Plaintiff alleges that he suffered numerous injuries. Id. He asserts that the incident was witnessed by, and recorded on the body camera of, Officer Guillory, whom he names as a defendant.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Courville has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in a constitutional violation or whose acts were causally

connected to the constitutional violation alleged. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F. 2d 381, 382 (5th Cir. 1983). Prison officials "cannot be automatically held liable for the errors of their subordinates." *Adames v. Perez*, 331 F.3d 508, 513 (5th Cir. 2003). Supervisory officials may be held liable only if: "(i) they affirmatively participate in the acts that cause constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.*, 977 F. 2d 924, 929 (5th Cir. 1992). Vicarious liability does not apply to § 1983 claims. *Pierce v. Tex. Dep't of Crim. Justice, Institutional Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994).

### C. *Improper Party - Officer Guillory*

Plaintiff does not allege sufficient facts which would entitle him to relief against Officer Guillory. Officer Guillory is only mentioned because the incident complained of may have been captured on Officer Guillory's body or dash camera.

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 U.S. Dist. LEXIS 146830, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted). Plaintiff should amend to allege facts that comply with Rule 8 or dismiss claims against Officer Guillory.

### D. *Excessive Force Claim*

Plaintiff should amend his complaint to allege facts to demonstrate that the use of force was a violation of his Constitutional rights and not an appropriate exercise of force under the

circumstances. He should state whether any criminal charges related to the incident in question were filed, and if so, the status of those charges. If charges were filed, and if he stands convicted of those charges, plaintiff's suit may be barred by the *Heck* Doctrine. *See Heck v. Humphrey*, 114 S.Ct. 2364 (1994) (holding that dismissal is required when a state prisoner whose conviction or sentence has not been declared invalid seeks damages in a § 1983 suit and a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence); and *Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir.1996) (holding an excessive-force claim was barred by *Heck* where it would imply the invalidity of a conviction for battery).

### III.
### CONCLUSION

Accordingly,

**IT IS ORDERED** that plaintiff amend his complaint within forty (40) days of the filing of this order to cure the deficiencies as outlined above.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3.**

THUS DONE AND SIGNED in Chambers this 10th day of March, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE